# United States Court of Appeals
## For the First Circuit

No. 13-1673

FRIEDRICH LU,

Plaintiff, Appellee,

v.

STEPHEN HORGAN,

Defendant, Appellant,

BOSTON COLLEGE, ET AL.,

Defendants.

Before

Lynch, Chief Judge,
Howard and Kayatta, Circuit Judges.

**JUDGMENT**

Entered: July 16, 2014

    We have carefully reviewed the record and the parties' submissions. We vacate the judgment below and remand the matter with instructions to the district court to enter judgment in the defendant/appellant's favor on the ground that he was entitled to qualified immunity.

    The uncontroverted facts establish that on the day in question, defendant/appellant, Officer Stephen Horgan, was responding to a report of an alleged assault and battery. This information alone justified the officers' decision to subject the suspect (the appellee, Friedrich Lu) to a pat-down search. See United States v. Mouscardy, 722 F.3d 68, 75 (1st Cir. 2013). Furthermore, Officer Horgan testified that, in his experience, homeless individuals often carry small weapons,

such as razor blades or small knives, in their pockets, and that such weapons can often be hidden in innocuous items like napkins.  Horgan testified that Lu appeared to be homeless, and Lu admitted that he had many items in his pockets.  Once the pat-down revealed that Lu's pockets did contain several unknown items, a reasonable officer could have concluded that a search of Lu's pockets was appropriate in order to ensure officer safety, and that all items -- including any napkins or other seemingly innocuous items that might hide small weapons such as razor blades -- could properly be removed during that search.  See United States v. Arnott, -- F.3d --, 2014 WL 2959288, at *3 (1st Cir., July 2, 2014); United States v. Chhien, 266 F.3d 1, 6 (1st Cir. 2001).

Given the controlling law governing searches during an investigatory stop as well as the facts presented to Officer Horgan, a reasonable officer could have concluded that the search of Lu's pockets was permissible.  Accordingly, Officer Horgan was entitled to qualified immunity. See Concepcion Chaparro v. Ruiz-Hernandez, 607 F.3d 261, 267-68 (1st Cir. 2010).

The judgment of the district court is vacated, and the matter is remanded with instructions to enter judgment in favor of defendant Stephen Horgan.  The appellee's motion for double costs is denied.

By the Court:

/s/ Margaret Carter, Clerk

cc:

Honorable William G. Young
Robert Farrell, Clerk of Court
Friedrich Lu
Nicole Loughlin
Julie A. Ciollo